228 So.2d 312

**STATE of Louisiana**

v.

**Darrel RAYMOND, James Corsey, A. J. Meyers.**

No. 50233.

Nov. 25, 1969.

In re: Darrel Raymond, James Corsey and A. J. Meyers applying for writs of certiorari, mandamus and prohibition.

The application is denied. The showing made does not warrant the exercise of our supervisory jurisdiction.

BARHAM, Justice, is of the opinion that upon the allegations of the application and the return of the court, which fails to negate them, a sufficient showing is made for the granting of the writs. Relators applied for a preliminary examination on or before October 16, 1969, and although an order for the examination was signed by the judge, it was left undated. On October 31 a hearing was fixed for November 10. During the grand jury session of November 3 and before the date set for the hearing, an indictment was returned.

C.Cr.P. Art. 292 provides in the first paragraph: "Before the finding of an indictment or the filing of an information the court, on request of the state or of the defendant, *shall immediately* order a preliminary examination in felony cases." The second paragraph of that article provides that after indictment or information the order is discretionary. To hold the request for preliminary examination in abeyance for almost a month, as the judge did here, was a palpable abuse of the mandatory provision. His denial of a motion for a preliminary examination after indictment under these circumstances constitutes an abuse of discretion. The application before us reflects what may not but could well be a design to contravene positive law and deny relators' rights. I believe that these particular relators are entitled to a preliminary examination although its conduct and scope may be limited under C.Cr.P. Art. 296. I respectfully dissent from the refusal to grant the writs.